**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD D. CARTER; MARK R. SLOBODNIK; and BLUE GURU TRADING, LLC,<br><br>Defendants. | ) | **No. 18 CV 242**<br>**Hon. Manish S. Shah** |

**CONSENT ORDER FOR PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST DEFENDANT RICHARD D. CARTER**

On January 12, 2018 Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint against the Defendants, Richard D. Carter ("Carter") Mark R. Slobodnik ("Slobodnik") and Blue Guru Trading, LLC ("Blue Guru"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1-26 (2012). On January 12, 2018, the Court entered a Statutory Restraining Order against the Defendants and scheduled a hearing on the CFTC's motion for Preliminary Injunction.

Carter, without admitting the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, which he admits, consents to the entry of this Order and states that the consent is entered voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce him to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (2012) (federal question jurisdiction) and 28 U.S.C. § 1345 (2012) (district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress). This Court has jurisdiction over the subject matter of this action and Defendant Carter hereto pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1(a) (2012), which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, in that Defendant Carter is found in, inhabits, or transacts business in this district, and the actions and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3. Defendant Carter enters his appearance and acknowledges receipt of the Summons and Complaint.

4. Defendant Carter waives the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

**RELIEF GRANTED**

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Carter, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of Defendant Carter and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in

concert or participation with Carter, is restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

a. in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person, (A) cheating or defrauding or attempting to cheat or defraud such other person; (B) willfully making or causing to be made to such other person any false report or statement, or willfully entering or causing to be entered for such other person any false record; or (C) willfully deceiving or attempting to deceive such other person, in violation of Section 4b(a)(1)(A)-(C) of the Act, 7 U.S.C. § 6b(a)(1)(A)-(C) (2012);

b. using the mails or any means or instrumentality of interstate commerce, directly or indirectly, as a commodity pool operator ("CPO") or associated person ("AP") of a CPO to (A) employ any device, scheme, or artifice to defraud any participant; or (B) engage in any transaction, practice, or course of business that operates as a fraud or deceit upon any participant, in violation of Section 4*o*(1) of the Act, 7 U.S.C. § 6*o*(1) (2012);

c. failing to register as a CPO in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2012); and

d. failing to register as an AP or permitting an AP to remain unregistered, in violation of Section 4k(2) of the Act, 7 U.S.C. § 6k(2) (2012).

2. Carter, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of Carter and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Carter, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a (2012));

B. entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2017)) for his personal account or for any account in which he has a direct or indirect interest;

C. (i) having any commodity interests traded on his behalf; (ii) controlling or directing the trading for or on behalf of any other person or entity, whether by

power of attorney or otherwise, in any account involving commodity interests; or (iii) soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

D. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2017);

E. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2014)), agent or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)) registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2017);

3. Until further order of this Court, Defendant Carter and each firm, corporation, or other person or entity with notice that holds any accounts, funds, assets, or other property of Defendant Carter is prohibited from directly or indirectly withdrawing, transferring, removing, dissipating, concealing, assigning, pledging, encumbering, disbursing, converting, selling, or otherwise disposing of, in any manner, any funds, assets, or other property of Carter, wherever situated, including, but not limited to, all funds, personal property, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account, including funds or property of customers, wherever located, whether held in the name of Defendant Carter or otherwise, and the assets affected by this paragraph shall include both existing assets and income and assets acquired after the effective date of this Order. Defendant Carter may petition the Court at a later date for modification of this paragraph to pay for reasonable living expenses and attorney fees from legitimate sources of income that are not related to this case.

4. Until further order of this Court, Defendant Carter and all persons insofar as they are acting in the capacity of Defendant Carter's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with

Carter who receive actual notice of such order by personal service or otherwise, are prohibited from destroying, mutilating, concealing, altering, or disposing of, in any manner, any books, records, or other documents of Defendant Carter, including all such records concerning Carter's solicitation and trading activities, wherever located.

5. The injunctive provisions of this Order shall be binding on Carter, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Defendant Carter and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with Carter.

6. Subject to proper assertion of his fifth amendment rights, Defendant Carter shall prepare, sign and file with the Court, within 21 days of the date of this Order, a complete and accurate accounting of all of Defendant Carter's assets and liabilities, wherever located, together with all funds Defendant Carter received from and paid to others in connection with commodity futures transactions or purported commodity futures transactions. Such accounting shall include, without limitation, the identification of:

A. All funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by Carter, whether individually or jointly, including accounts or assets of Carter held by financial institutions located outside the territorial United States;

B. All funds, securities, commodity interests, assets and other property received directly or indirectly by Carter, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of Carter held by financial institutions located outside the territorial United States;

C. All funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by Carter, describing the source, amount, disposition, and current location of each

listed item, including accounts or assets of Carter held by financial institutions located outside the territorial United States; and

D. The names and last known addresses of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by Carter.

7. Subject to proper assertion of his fifth amendment rights, Defendant Carter and all persons insofar as they are acting in the capacity of Defendant Carter's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Carter who receive actual notice of this order by personal service or otherwise, are prohibited from refusing to permit authorized representatives of the CFTC to inspect and copy, when and as reasonably requested, any books, records, or other documents of Carter, including all such records concerning Defendant Carter's solicitation and trading activities, wherever located, and whether they are in the possession of Defendant Carter or others, either on or off the premises where they may be situated.

8. It is further ordered that copies of this Order may be served by any means, including personal service, United Parcel Service, Federal Express, or other commercial overnight service, email, facsimile, Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Carter or that may be subject to any provision of the order of preliminary. Joseph Patrick, Ray Lavko and Rick Torres, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

9. This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

IT IS SO ORDERED.

DATED: January 25, 2018

The Honorable Manish S. Shah
United States District Court Judge

CONSENTED TO AND APPROVED BY:

Mark Belongia
Christopher T. Grohman
Robert P. Bramnik
Attorneys for Richard D. Carter
Duane Morris LLC190 South LaSalle Street, Suite 3700
Chicago, IL 60603
(312) 499-6717
MBelongia@duanemorris.com

Dated: 1/23/18, 2018

Susan Gradman
Attorney for Plaintiff Commodity Futures Trading Commission
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0523
sgradman@cftc.gov

Dated 1/24, 2018