**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD D. CARTER; MARK R. SLOBODNIK; and BLUE GURU TRADING, LLC,<br><br>Defendants. | ) | **No. 18 CV 242**<br>**Hon. Manish S. Shah** |

**CONSENT ORDER FOR PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST DEFENDANT MARK R. SLOBODNIK**

On January 12, 2018 Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint against the Defendants, Richard D. Carter ("Carter") Mark R. Slobodnik ("Slobodnik") and Blue Guru Trading, LLC ("Blue Guru"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1-26 (2012). On January 12, 2018, the Court entered a Statutory Restraining Order against the defendants and scheduled a hearing on the CFTC's motion for Preliminary Injunction.

Slobodnik, without admitting the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, which he admits, consents to the entry of this Order and states that the consent is entered voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce him to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (2012) (federal question jurisdiction) and 28 U.S.C. § 1345 (2012) (district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress). This Court has jurisdiction over the subject matter of this action and Defendant Slobodnik hereto pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1(a) (2012), which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, in that Defendant Slobodnik is found in, inhabits, or transacts business in this district, and the actions and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3. Defendant Slobodnik enters his appearance and acknowledges receipt of the Summons and Complaint.

4. Defendant Slobodnik waives the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

**RELIEF GRANTED**

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Slobodnik, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of Defendant Slobodnik and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting

in concert or participation with Slobodnik, is restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

a. in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person, (A) cheating or defrauding or attempting to cheat or defraud such other person; (B) willfully making or causing to be made to such other person any false report or statement, or willfully entering or causing to be entered for such other person any false record; or (C) willfully deceiving or attempting to deceive such other person, in violation of Section 4b(a)(1)(A)-(C) of the Act, 7 U.S.C. § 6b(a)(1)(A)-(C) (2012);

b. using the mails or any means or instrumentality of interstate commerce, directly or indirectly, as a commodity pool operator ("CPO") or associated person ("AP") of a CPO to (A) employ any device, scheme, or artifice to defraud any participant; or (B) engage in any transaction, practice, or course of business that operates as a fraud or deceit upon any participant, in violation of Section 4*o*(1) of the Act, 7 U.S.C. § 6*o*(1) (2012);

c. failing to register as a CPO in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2012); and

d. failing to register as an AP or permitting an AP to remain unregistered, in violation of Section 4k(2) of the Act, 7 U.S.C. § 6k(2) (2012).

2. Slobodnik, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of Slobodnik and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Slobodnik, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a (2012));

b. entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2017)) for his personal account or for any account in which he has a direct or indirect interest;

c. (i) having any commodity interests traded on his behalf; (i) controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests; or (ii) soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

d. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2017);

e. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2014)), agent or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)) registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2017);

3. Until further order of this Court, Defendant Slobodnik and each firm, corporation, or other person or entity with notice that holds any accounts, funds, assets, or other property of Defendant Slobodnik is prohibited from directly or indirectly withdrawing, transferring, removing, dissipating, concealing, assigning, pledging, encumbering, disbursing, converting, selling, or otherwise disposing of, in any manner, any funds, assets, or other property of Slobodnik, wherever situated, including, but not limited to, all funds, personal property, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account, including funds or property of customers, wherever located, whether held in the name of Defendant Slobodnik or otherwise. Nothing in this order shall prevent Slobodnik from earning an income from a legitimate business purpose or employment. Subject to the reporting requirements of this Order, Slobodnik may use up to $5,000 a month from legitimate sources of income that are not related to this case and are obtained after the effective date of this Order for his reasonable living expenses and attorney fees.

4. **IT IS FURTHER ORDERED** that, notwithstanding the terms of the asset freeze contained herein, Defendant Slobodnik is permitted to open one bank account at a Chicago branch of a bank chartered in the United States and regulated by the U.S. Federal Deposit Insurance Corporation, the U.S. Federal Reserve Board, or the U.S. Office of the Comptroller of the Currency for the purpose of depositing, withdrawing or transferring funds earned or liabilities incurred after the date of this Order from activities unrelated to the allegations contained in the Complaint in this matter. Any such account opened by Defendant Slobodnik, at a Chicago branch of a bank chartered in the United States, Defendant Slobodnik shall be required to abide by the following conditions:

a. An account opened by Defendant Slobodnik shall be in his name only.

b. Slobodnik shall deposit income obtained after the effective date of this Order from legitimate sources that are not related to this case and to use for his reasonable living expenses and attorney fees.

c. Defendant Slobodnik shall not open any safety deposit boxes.

d. Defendant Slobodnik is prohibited from providing any other entity or individual any control, direct or indirect beneficial interest, discretionary authority or power of attorney over the account.

e. Defendant Slobodnik shall immediately provide the Commission the name of the bank at which the account was opened, the address of the branch at which the account was opened; the type of account (i.e., checking, savings, etc.), the account number, and the name on the account.

f. Defendant Slobodnik shall provide to the Commission on a monthly basis copies of the monthly account statements from the bank. Further, Defendant Slobodnik shall cooperate with the Commission to provide information to confirm that any activity in the account, including deposits, withdrawals or fund transfers, was the result of lawful activities.

g. If the account is closed, either by Defendant Slobodnik or the bank, Defendant Slobodnik shall immediately notify the Commission and provide copies of documents relating to the closing of the account, including close-out statements and all documents reflecting the reasons the account was closed

5. Until further order of this Court, Defendant Slobodnik and all persons insofar as they are acting in the capacity of Defendant Slobodnik's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Slobodnik who receive actual notice of such order by personal service or otherwise, are prohibited from destroying, mutilating, concealing, altering, or disposing of, in any manner, any books, records, or other documents of Defendant Slobodnik, including all such records concerning Slobodnik's solicitation and trading activities, wherever located.

6. The injunctive provisions of this Order shall be binding on Slobodnik, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Defendant Slobodnik and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with Slobodnik.

7. Defendant Slobodnik shall prepare, sign and file with the Court, subject to his constitutional rights, within 20 days of the date of this Order, a complete and accurate accounting of all of Defendant Slobodnik's assets and liabilities, wherever located, together with all funds Defendant Slobodnik received from and paid to others in connection with commodity futures transactions or purported commodity futures transactions. Such accountings shall include, without limitation, the identification of:

A. All funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by Slobodnik, whether individually or jointly, including accounts or assets of Slobodnik held by financial institutions located outside the territorial United States;

B. All funds, securities, commodity interests, assets and other property received directly or indirectly by Slobodnik, describing the source, amount, disposition, and current location of each listed item, including

accounts or assets of Slobodnik held by financial institutions located outside the territorial United States;

C. All funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by Slobodnik, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of Slobodnik held by financial institutions located outside the territorial United States; and

D. The names and last known addresses of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by Slobodnik.

8. Defendant Slobodnik and all persons insofar as they are acting in the capacity of Defendant Slobodnik's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Slobodnik who receive actual notice of this order by personal service or otherwise, are prohibited from refusing to permit authorized representatives of the CFTC to inspect and copy, when and as reasonably requested, any books, records, or other documents of Slobodnik, including all such records concerning Defendant Slobodnik's solicitation and trading activities, wherever located, and whether they are in the possession of Defendant Slobodnik or others, either on or off the premises where they may be situated.

9. It is further ordered that copies of this Order may be served by any means, including personal service, United Parcel Service, Federal Express, or other commercial overnight service, email, facsimile, Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Slobodnik or that may be subject to any provision of the order of preliminary. Joseph Patrick, Ray Lavko and Rick Torres, all employees of the CFTC,

are hereby specially appointed to serve process, including this Order and all other papers in this cause.

10. This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action. Nothing herein shall prevent any party from seeking relief from or amendments to this Order.

IT IS SO ORDERED.

DATED: January 25, 2018

[signature]

The Honorable Manish S. Shah
United States District Court Judge

CONSENTED TO AND APPROVED BY:

[signature]

James L. Kopecky
Attorney for Defendant Mark R. Slobodnik
120 N. LaSalle Street, Ste. 2000
Chicago, IL 60602

Dated: 1/25/18, 2018

Susan Gradman - VMB

Susan Gradman
Attorney for Plaintiff Commodity Futures Trading Commission
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0523
(312) 596-0714 (facsimile)

Dated 1/25/2018, 2018